# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Elizabeth Alvarez ("Plaintiff") and Flash Market, LLC ("Defendant").  Plaintiff and Defendant are jointly referred to herein as the "Parties."

## I.    RECITALS

**WHEREAS**, the following lawsuits were filed in September 2022: *Khurshonda Adkins v. Flash Market, LLC*, Eastern District of Arkansas, No. 4:22-cv-858-BSM; *Amber Anglea v. Flash Market, LLC*, Western District of Tennessee, No. 2:22-cv-2621-MSN-ATC; *Amy Birmingham. v. Flash Market, LLC*, Eastern District of Missouri, No. 1:22-cv-119-SNLJ; *Alyssa Patterson v. Flash Market, LLC*, Middle District of Alabama, No. 2:22-cv-554-MHT; *Pamela Battle v. Flash Market, LLC*, Western District of Tennessee, No. 2:22-cv-2622-SHM-TMP (collectively, the "Flash Market Litigation").

**WHEREAS**, Plaintiff is party to one of the cases in the Flash Market Litigation along with 174 other individual plaintiffs.

**WHEREAS**, Plaintiff alleges that Defendant failed to pay Plaintiff proper minimum wage and overtime amounts due under the Fair Labor Standards Act ("FLSA") and any applicable state law.

**WHEREAS**, the Parties have agreed to a full release and settlement of all claims associated with the Flash Market Litigation upon the terms and conditions set forth in this Agreement.

**WHEREAS**, the Parties enter into this Agreement with the understanding that Defendant admits no wrongdoing or liability, and Plaintiff acknowledges that this Agreement is made solely to avoid the costs and expenses associated with litigation.

1

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

## II.    DEFINITIONS

"**Effective Date**" means the date on which the court approves of the settlement set forth in this Agreement.

## III.    AGREEMENT

**NOW, THEREFORE,** in consideration of mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties understand and agree to be legally bound by the following terms and conditions, which constitute a full settlement of the disputes between them:

1.    <u>Recitals and Definitions</u>.  The Parties acknowledge that the Recitals and Definitions set forth above are true and correct and are incorporated as material parts of this Agreement.

2.    <u>Acceptance of Settlement</u>.     This Agreement must be signed and delivered to the Sanford Law Firm, PLLC within 45 days of the date on which this Agreement is first delivered to Plaintiff, and the Sanford Law Firm, PLLC must deliver this Agreement to Defendant within 45 days of the date on which this Agreement is first delivered to Plaintiff, for this Agreement to be effective.  If this Agreement is not delivered as stated above, then Plaintiff's claims against Defendant shall be dismissed without prejudice.

3.    <u>Payment and Consideration</u>.   The total amount that Defendant shall pay in settlement of liability to all plaintiffs in the Flash Market Litigation for their wage-and-hour claims ("Liability Payment") is dependent upon the number of plaintiffs who choose to enter into a settlement agreement with Defendant.  A specific settlement amount has been allocated to each plaintiff.  Only plaintiffs who choose to enter into a settlement agreement with Defendant shall receive their allocated payment.  The Liability Payment shall not exceed $102,500.00.

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

In consideration for signing this Agreement, the dismissal of Plaintiff's claims with prejudice, and the fulfillment of the promises herein, Defendant agrees to pay, and Plaintiff agrees to accept, an allocation from the Liability Payment in the amount of **One Hundred Thirty-Nine Dollars and Forty Cents** ($139.40) ("Liability Settlement Payment"). The Liability Settlement Payment shall be made by check and made payable to Plaintiff, less all applicable legal taxes and withholdings, representing all unpaid wages allegedly due, for which Defendant will issue Plaintiff an IRS Form W-2.

The Liability Settlement Payment shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within twenty-one (21) days of the Effective Date.

4.      Attorneys' Fees.  Defendant has agreed to pay to the Sanford Law Firm, PLLC, the total sum of Thirty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($33,333.33) ("Attorney Fee Payment") in compensation for all attorneys' fees, costs, and expenses incurred during the Flash Market Litigation. The Parties agree that the Attorney Fee Payment was negotiated separately from liability during the course of mediation and constitutes sufficient compensation for the work performed by the Sanford Law Firm, PLLC during the Flash Market Litigation.

The total amount of the Attorney Fee Payment to be attributed to Plaintiff for purposes of tax reporting (the "Fee Settlement Payment"), shall be calculated as follows: ($139.40 (or the Liability Settlement Payment) / Liability Payment) x $33,333.33.   The Fee Settlement Payment shall be made by check and made payable to Sanford Law Firm, PLLC, for which Defendant shall issue an IRS Form 1099 to Plaintiff and the Sanford Law Firm, PLLC.   The Fee Settlement

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

Payment shall be delivered to Sanford Law Firm, PLLC, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, within twenty-one (21) of the Effective Date.

5.     <u>Tax Consequences</u>.   Defendant makes no representations concerning the tax consequences, if any, of the Liability Settlement Payment or Fee Settlement Payment, and Plaintiff agrees that Plaintiff has not relied on any express or implied representations by Defendant concerning the tax implications of any payment made under this Agreement.  Plaintiff agrees that Plaintiff shall (i) bear sole responsibility for any tax liability for any payment made to Plaintiff and (ii) indemnify Defendant and hold Defendant harmless for any and all taxes, penalties, or interest that may be asserted by any taxing authority on any payment made to Plaintiff pursuant to this Agreement. Notwithstanding anything in this paragraph to the contrary, Plaintiff will not be responsible for required employer withholdings to be made on the Liability Settlement Payment.

6.     <u>Release of Claims</u>.   In exchange for the promises contained herein, Plaintiff, individually and on behalf of Plaintiff's heirs, executors, administrators, personal representatives, and assigns, releases and discharges PFMFC, Inc. and Flash Market, LLC, their representatives and assigns, as well as their predecessors, successors, parent and subsidiary corporations, affiliates, related entities, directors, officers, employees, attorneys, agents, and insurers, whether current, former, or future (together "Releasees") from any and all claims for overtime compensation, minimum wages, liquidated damages, penalties and interest, attorneys' fees, costs, and expenses under the FLSA or any other federal or state laws governing wages (including statutory and common law claims for breach of contract, unjust enrichment or other common law claims relating to wage and hour issues).  This Agreement shall not release rights or claims that may first arise after the Effective Date.

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

Nothing in this Paragraph or this Agreement is intended to limit or restrict any rights Plaintiff may have to enforce this Agreement or challenge the validity of this Agreement or any other right that cannot, by express and unequivocal terms of law, be limited, waived, or extinguished.

7.      <u>Dismissal of Claims with Prejudice</u>.  Within seven (7) days of the Effective Date, the Parties will file a joint motion for dismissal of Plaintiff's claims with prejudice, in a form to be agreed upon by the Parties, and will take any other steps necessary to effectuate dismissal with prejudice.

8.      <u>No Admission of Liability</u>.  Defendant admits no liability as to any claims asserted in, otherwise derivative of, or in any way relating to the Flash Market Litigation.  The Agreement is being entered into only for the purpose of avoiding the burden, inconvenience, uncertainty, and expense of litigation and shall not be construed or deemed to be an admission or concession by any party as to the merits of any claim or defense or of any wrongdoing, liability, or culpability in any way.

9.      <u>Covenant Not to Sue</u>.  Plaintiff covenants not to sue any of the Releasees for any claim Plaintiff releases in this Agreement.

10.     <u>Non-Interference and Continued Right to Participate in Agency Proceedings</u>. Nothing in this Agreement shall interfere with the Plaintiff's right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. Further, nothing in this Agreement shall prohibit Plaintiff from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

11.     <u>Entire Agreement</u>.    This  Agreement  contains  the  entire  agreement  and understanding between Plaintiff and Defendant with respect to its subject matter and supersedes all other agreements between Plaintiff and Defendant.

12.     <u>Headings</u>.  The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

13.     <u>Choice of Law</u>.  This Agreement shall be governed by, construed, and enforced in accordance with the laws of the State of Arkansas, without regard to its choice of law rules.

14.     <u>Choice of Forum</u>.  Any action to enforce, or for breach of, this Agreement shall be pursued or filed in the Circuit Court of Pulaski County, Arkansas, or the United States District Court for the Eastern District of Arkansas.

15.     <u>Voluntary Agreement</u>. The Parties acknowledge that they are represented by counsel and further represent and warrant that they freely negotiated the terms of this Agreement and that they enter into it and execute it voluntarily and without any duress or undue influence on the part of any person, firm, or corporation.

16.     <u>Construction</u>.    The  Parties  and  their  respective  counsel  have  reviewed  this Agreement and have had adequate time to do so.  Accordingly, the rule of construction that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

17.     <u>Further Assurances</u>. The Parties agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

18.     <u>Amendments; Waivers</u>.    This  Agreement  may  not  be  revoked,  amended,  or modified in any way, except in writing and executed by the Parties.  No failure to exercise, and no delay in exercising, any right, remedy, or power under this Agreement shall operate as a waiver

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

thereof, nor shall any single or partial exercise of any right, remedy, or power under this Agreement preclude any other or further exercise thereof or the exercise of any other right, remedy, or power provided herein or by law or in equity.

19.    Severability.  The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

20.    Counterparts.  The Agreement may be executed electronically and in counterparts, each of which shall be deemed an original, but all of which together shall be deemed the same Agreement. This Agreement may be signed electronically, and a signed copy of the Agreement delivered by electronic means to counsel for Plaintiff or counsel for Defendant shall be deemed to have the same legal effect as delivery of a physical copy of the Agreement.

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO SETTLE AND RELEASE THE CLAIMS DESCRIBED IN THIS AGREEMENT AGAINST DEFENDANT.**

IN WITNESS WHEROF, the Parties hereto have executed this Settlement Agreement and Release.

PLAINTIFF

By: _____

Print: _Elizabeth Alvarez_____

Date: _06 / 01 / 2023_____

7

Doc ID: a285bcc8de45af38638999e9ad9093062332689f

FLASH MARKET, LLC

By: _____

Title: _____

Date:_____

Doc ID: a285bcc8de45af38638999e9ad9093062332689f