IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KHURSHONDA ADKINS, ET AL.**                                                                 **PLAINTIFFS**

vs.                                        No. 4:22-cv-858-BSM

**FLASH MARKET, LLC, and PFMFC, INC.,**                              **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Elizabeth Alvarez, et al. (hereinafter "Plaintiffs"), and Defendants Flash Market, LLC, and PFMFC, Inc.[1], hereby request approval of the settlement reached in this case, and in support thereof, state as follows:

### I. BACKGROUND

Plaintiffs are former opt-ins to a Fair Labor Standards Act ("FLSA") collective action filed against Defendants in January of 2020 in the Eastern District of Arkansas, *Dunlap, et al., v. Flash Market, LLC, et al.*, Case No. 4:20-cv-5-BSM ("*Dunlap*"). In *Dunlap*, the named plaintiffs originally claimed that they frequently performed work for Defendants, which went unrecorded and uncompensated, leading to violations of the minimum wage and overtime requirements of the FLSA. *Dunlap* was conditionally certified as a collective action and more than 600 people filed consents to join the litigation. After the claims in *Dunlap* had been pending for over two years, the Eastern District of Arkansas decertified the collective action and dismissed the claims of one of two of the named plaintiffs. *See*

---

[1] A number of Plaintiffs failed to sign and return the settlement and release agreement. The parties are filing a Joint Stipulation of Dismissal Without Prejudice with respect to those Plaintiffs.

Page 1 of 7
**Khurshonda Adkins, et al. v. Flash Market, LLC, et al.**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM**
**Memorandum in Support of Joint Motion for Approval of Settlement**

September 15, 2022 Order, *Dunlap*, ECF No. 151. In doing so, the court held that Defendants were not joint employers and that there was inadequate proof to suggest that Defendants uniformly failed to follow their own policies prohibiting off-the-clock hours sufficient to warrant final certification. *Id*. at p. 3. After having their claims in *Dunlap* dismissed without prejudice, Plaintiffs filed the present suit.

This case is one of a group of five cases originally filed in four different courts following the *Dunlap* decertification (collectively, the "Flash Market Litigation"). Those cases are listed here:

    A. *Khurshonda Adkins v. Flash Market, LLC,* No. 4:22-cv-858-BSM (E.D. Ark.);

    B. *Amber Anglea v. Flash Market, LLC*, No. 2:22-cv-2621-MSN (W.D. Tenn.);

    C. *Amy Birmingham. v. Flash Market, LLC*, No. 1:22-cv-119-SNLJ (E.D. Mo.);

    D. *Alyssa Patterson v. Flash Market, LLC*, No. 2:22-cv-554-MHT (M.D. Ala.);

    E. *Pamela Battle v. Flash Market, LLC*, No. 2:22-cv-2622-SHM (W.D. Tenn.).

In total, there are 175 plaintiffs in the Flash Market Litigation. Plaintiffs in each of the Flash Market Litigation allege causes of action under the FLSA seeking overtime and/or minimum wages. In addition, plaintiffs in *Adkins* allege violations of the Arkansas Minimum Wage Act ("AMWA") and plaintiffs in *Birmingham* allege violations of the Missouri Minimum Wage Law ("MMWL").

On April 4, 2023, the parties mediated the Flash Market Litigation before an experienced mediator. As a result of mediation, Defendants and counsel for Plaintiffs agreed to the terms of a global settlement, which covers each plaintiff in this case as well as all other plaintiffs in the Flash Market Litigation. The terms of the global settlement

Page 2 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement

have been reduced to individual settlement agreements, an exemplar of which is attached as Exhibit 1 (the "Agreement").

Each agreement is identical except for three variables: 1. Whether the plaintiff worked for and is receiving settlement amounts from Separate Defendant Flash Market, LLC, Separate Defendant PFMFC, Inc., or both; 2. The name of the plaintiff; and 3. The plaintiff's settlement amounts. An Appendix setting forth the amount payable to each plaintiff is attached hereto as Exhibit 2. The Parties now seek this Court's approval of the Agreement as it applies to the Plaintiffs who have signed an agreement in this case.

## II.     ARGUMENT & AUTHORITIES

### A.     The Settlement Is a Fair and Reasonable Compromise of Bona Fide Disputes.

Private settlements of FLSA claims may require approval by a court or the Secretary of Labor to ensure enforceability. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026-27 (8th Cir. 2019). In reviewing a settlement of a private FLSA claim, the Court must scrutinize the proposed settlement for fairness and determine whether the settlement is a "fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,* 1355 (11th Cir. 1982); *see also Hogan v. Nursing,* 2022 U.S. Dist. LEXIS 225976 at *3 (W.D. Ark. November 17, 2022); When it appears that a settlement "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages[] that are actually in dispute," the Court should "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; Greenlaw v. B & M Mgmt. Co. of Alabama, LLC, 2022 U.S. Dist. LEXIS 34935 at *1 (E.D.

Page 3 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement

Ark. Feb. 28, 2022.) (approving a proposed settlement because "[i]t reflects a good-faith compromise of contested overtime compensation disputes.").

1. **The Settlement Is the Product of Bona Fide Disputes Within Contested Litigation.**

The compromise in this case is the product of contested litigation. The parties dispute whether Defendants had a policy of discouraging reporting overtime hours as well as whether and to what extent Plaintiffs performed any "off-the-clock" work.

The parties' attorneys conducted an investigation into Plaintiffs' claims including (a) taking over a dozen depositions in *Dunlap*; (b) exchanging written discovery and responses; (c) inspecting and analyzing more than 11,000 pages of documents produced in the Flash Market Litigation; (d) analyzing the legal positions taken by the parties, including damages alleged by Plaintiffs; (e) researching of the applicable law with respect to the parties' claims and defenses; and (f) participating in a full-day mediation with an experienced mediator. The mediation and follow-up discussions thereto resulted in the Agreement.

The parties and their attorneys had opportunities through the litigation to analyze and assess (1) the pertinent factual and legal issues, (2) the strengths and weaknesses of the claims and defenses at issue in the case, and (3) the risks and benefits of continued litigation. Based on those assessments, counsel for the parties agreed to a mutually acceptable settlement of plaintiffs' claims in the Flash Market Litigation with the assistance of a neutral mediator.

2. **The Parties' Compromise Is Fair and Reasonable**

The Flash Market Litigation involves individual wage and hour claims of 175 individuals. Litigation of the Flash Market Litigation would be lengthy and expensive. The

Page 4 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement

settlement provides a certain outcome for all of the parties and saves them and the Court the time and expense associated with conducting a trial. These benefits are particularly meaningful when the back wages recovered, if any, may be an amount which would not justify the extensive time, costs, and expenses resulting from protracted litigation.

The parties' compromise at mediation was the result of arms-length negotiations by experienced, capable attorneys on both sides. The settlement was reached between counsel with extensive familiarity with advising clients regarding wage and hour disputes, as well as litigating FLSA claims and claims under corollary state laws in federal court.

Under the terms of the Agreement, each plaintiff is receiving an amount of the total fund commensurate with the plaintiff's respective tenure with Defendants, as well as the number of hours per week each plaintiff estimated that he or she worked in discovery responses and depositions. For each plaintiff who did not provide an estimate, an assumed number of 7.3 hours per week was given, being the average number of off-the-clock hours per week estimated by the other plaintiffs. Plaintiffs' counsel calculated damages for purposes of the allocation by adding each plaintiff's estimated off-the-clock hours to those existing within Defendants' payroll records and noting any resultant minimum wage and overtime violations. In return for their settlement amounts, Plaintiffs waive and release only wage and hour claims, including claims under the FLSA and any state law equivalent. The Agreement is a fair resolution and should be approved as it applies to the Plaintiffs in this case.

**B.     The Attorneys' Fees and Costs Payable to Plaintiffs' Counsel Were Separately Negotiated.**

Plaintiffs' counsel are receiving the amount of $50,000.00 in settlement of attorneys' fees and costs incurred in the litigation of the Flash Market Litigation. This

Page 5 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement

amount was negotiated separately and only after a settlement as to Plaintiffs' damages was reached. Although each plaintiff's agreement lists an allocated amount of attorneys' fees, this is for purposes of Defendants' obligation to issue each plaintiff a 1099 form in connection with attorneys' fees rendered on their case. Accordingly, this amount did not affect Plaintiffs' recovery and no conflict could exist between Plaintiffs and their counsel, therefore, the amount does not require Court approval. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 n.1 (8th Cir. 2019) ("We note that if FLSA settlements are subject to judicial review, the court would retain the authority to ensure the attorney fees were in fact negotiated separately and without regard to the plaintiff's FLSA claim, and there was no conflict of interest between the attorney and his or her client.").

### III.     CONCLUSION

Because the parties' compromise reflects a fair and reasonable resolution of a bona fide dispute regarding compensation due, this Court should approve the settlement to promote the policy of encouraging settlement of litigation.

Respectfully submitted,

**ELIZABETH ALVAREZ,**
**et al., PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Page 6 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**FLASH MARKET, LLC, and PFMFC INC., DEFENDANTS**

JACKSON LEWIS P.C.
611 Commerce Street, Suite 2803
Nashville, Tennessee 37203
Telephone: (901) 462-2604
Facsimile: (901) 462-2626

*/s/ Jay A. Ebelhar*
Jay A. Ebelhar
Ark. Bar No. 2013019
jay.ebelhar@jacksonlewis.com
Admitted Pro Hac Vice

*ATTORNEYS FOR SEPARATE DEFENDANT FLASH MARKET, LLC.*

QUATTLEBAUM, GROOMS, & TULL PLLC
111 Center Street, Suite 1900
Little Rock, Arkansas 72201
Telephone: (501) 379-1700
Facsimile: (501) 379-1701

E. B. Chiles IV
Ark. Bar No. 96179
cchiles@qgtlaw.com
Admitted Pro Hac Vice

*/s/ S. Katie Calvert*
S. Katie Calvert
Ark. Bar No. 2019117
kcalvert@qgtlaw.com
Admitted Pro Hac Vice

*ATTORNEYS FOR SEPARATE DEFENDANT PFMFC, INC.*

Page 7 of 7
Khurshonda Adkins, et al. v. Flash Market, LLC, et al.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-858-BSM
Memorandum in Support of Joint Motion for Approval of Settlement